**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Dusty Button and
Mitchell Taylor Button

   v.                                          Case No. 24-cv-220-SM-AJ

Katherine Thonis

**ORDER**

Pro se plaintiffs Dusty and Taylor Button have sued several defendants, advancing state common law claims arising out of, or relating to, ongoing litigation in the United States District Court for the District of Nevada.[1] Presently before the Court is the plaintiffs' "Motion and Request for the Court to Waive PACER Fees as the Plaintiffs are Indigent." (Doc. No. 49). For the reasons that follow, plaintiffs' motion is denied.

**Background**

A. PACER

PACER (the acronym for Public Access to Court Electronic Records) charges user fees to cover the costs of maintaining the service. All parties and attorneys of record in a case receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed

---

[1] See Humphries, et al. v. Button, Case no. 2:21-cv-01412-APG-VCF (D. Nev. filed July 28, 2021).

electronically. See Electronic Public Access Fee Schedule, U.S. Courts, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited January 8, 2025.). Beyond the free copy, PACER charges $0.10 per page, not to exceed the fee for 30 pages ($3.00), for electronic access to any case document, docket sheet, or case-specific report. Id. at ¶ 1. PACER fees are automatically waived for, among other things: 1) electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle; 2) judicial opinions; and 3) viewing case information or documents at courthouse public access terminals. Id. at ¶ 8.

As particularly relevant to the instant motion, courts also have discretion to relieve a person from paying PACER charges if the court finds the individual "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" Id. at ¶ 9. However, [e]xemptions from PACER user fees are uncommon." Katumbusi v. Gary, No. 2:14-cv-1534 JAM AC PS, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014); see James v. City of Omaha, No. 8:07CV121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007) ("The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule.").

B.  Plaintiffs' Position

Though they paid the filing fee to initiate this lawsuit, and thus are not proceeding in forma pauperis, the plaintiffs state that they borrowed the funds to file the complaint and cannot afford the costs of litigation, including the fees associated to keep their PACER account current, which allows them to file into the case, research case law and find other cases which are cited and used in their motions."  Pltf. Mot. (Doc. No. 49) at 2.

While the plaintiffs acknowledge the exemptions noted above, they claim those are insufficient because they "have had issues with a number of documents not saving to their computer and because the[y] needed to refer back to a number of documents in the case, there were accrued [PACER fees] prior to their PACER account becoming inactive due to non-payment." Id. The plaintiffs also note that the court in the above referenced Nevada litigation has granted them the waiver they seek here, as has the court in a similarly related case in the Southern District of Florida. See Court Orders, attached as Exhs. B and C to Pltf. Mot. (Doc. No. 49).[2]  The plaintiffs argue that failure to grant a PACER fee waiver "would severely prejudice [them] and

---

[2] While the Orders in plaintiffs' other cases are informative, they are not binding on this court.

3

harm heir ability to properly litigate this case." Pltf. Mot. (Doc. No. 49) at 2. In further support of their motion, plaintiffs note that they are receiving various forms of public assistance available to those with limited financial means.

## Discussion

The court finds that the plaintiffs have failed to clear the hurdle of demonstrating "an unreasonable burden." Initially, the court notes that the plaintiffs initiated this suit against four defendants, only one of whom remains in the case, thereby reducing the number of filings to review and/or respond to.[3] See Order on Motion to Dismiss (Doc. No. 47). Further, before they sought a waiver of PACER fees, the plaintiffs were able to file thorough objections to those defendants' motions to dismiss, as well as motions for reconsideration after those motions were granted. In addition, while the plaintiffs state that "issues" prevented them from downloading their free documents, there is no suggestion that any such issue was the court's responsibility.

As previously noted, fee waivers are the exception, rather than the rule. The record suggests that the plaintiffs have had sufficient opportunity both to conduct research and monitor the

---

[3] By contrast, in the Nevada litigation, these plaintiffs are currently defending against claims made by six defendants.

developments in this litigation and they do not explain why the level of access and automatic exemptions already allowed is insufficient for their purposes. Accordingly, the court finds that the plaintiffs have fallen short of establishing that the PACER fee schedule and automatic exemptions are an unreasonable burden on their ability to prosecute this lawsuit. See Gonzalez v. Connecticut Dep't of Correction, No. 3:20-CV-00736 (VAB), 2020 WL 12894137, at *2-3 (D. Conn. Nov. 13, 2020) (citing Oliva v. Brookwood Coram I, LLC, No. 14-cv-2513 (JMA) (AYS), 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015) ("Without some explanation of how the automatic fee exemptions are insufficient for the Petitioner's purposes, he has failed to demonstrate that the PACER user fees are an unreasonable burden.")). Accordingly, plaintiffs' motion is denied.

## Conclusion

Based on the foregoing, plaintiffs' Motion and Request for the court to Waive PACER Fees (Doc. No. 49) is denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 13, 2025

cc:   Dusty Button, pro se
      Mitchell T. Button, pro se
      Counsel of Record