# United States Court of Appeals
## For the First Circuit

No. 25-1394

DUSTY BUTTON; MITCHELL TAYLOR BUTTON,

Plaintiffs - Appellants,

v.

JOHN ROE; JANE ROE; ROBIN MELONE; KATHERINE THONIS,

Defendants - Appellees.

Before

Barron, Chief Judge,
Gelpí and Rikelman, Circuit Judges.

**JUDGMENT**

Entered: September 28, 2026

Plaintiffs-appellants Dusty Button and Mitchell Taylor Button have filed an appeal from the district court's decisions dated December 17, 2024, and April 11, 2025, granting the defendants-appellees' separate motions to dismiss the Buttons' amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

After our own careful review of the record and the parties' submissions on appeal, we affirm, for substantially the reasons set forth in the district court's December 17, 2024 decision and April 11, 2025 decision. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (endorsing liberal construction of pro se filings); see also DiCroce v. McNeil Nutritionals, LLC, 82 F.4th 35, 39 (1st Cir. 2023) (standard of review); Douglas v. Hirshon, 63 F.4th 49, 55 (1st Cir. 2023) (relevant general principles); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation omitted); Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'") (quoting Twombly, 550 U.S. at 557 n.5). Additionally, appellants have not

demonstrated error as to the district court's dismissal of the amended complaint with prejudice. See City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022) (stating dismissal with prejudice "is disfavored . . . when dealing with a complaint that has not been previously amended") (citation omitted); see also id. ("Once judgment was entered, Rule 15 was no longer on the table.").

Accordingly, the judgment of the district court is affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Dusty Button
Mitchell Taylor Button
John Edward Durkin
Edwin F. Landers Jr.
Linda M. Smith
J. Daniel Marr
Brittney M. White